THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DRIVING INNOVATION LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**TOYOTA MOTOR NORTH AMERICA, INC.,**<br><br>    Defendant. | Civil Action No. 2:25-cv-01084<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Driving Innovation LLC hereby files this Complaint for Patent Infringement and Damages against Defendant Toyota Motor North America, Inc., and would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff Driving Innovation LLC ("DI" or "Plaintiff") is a Delaware corporation with its principal place of business at 6600 Chase Oaks Boulevard, Suite 150, Plano, TX 75023.

2.      On information and belief, Defendant Toyota Motor North America, Inc. ("TMNA" or "Defendant") is a corporation duly organized and existing under the laws of the State of California.  It has a place of business at 6565 Headquarters Drive, Plano, Texas 75024. TMNA may be served with process through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. On information and belief, TMNA is responsible for research and development, manufacturing, sales, offers for sale, marketing, importation, and distribution of automotive vehicles from Toyota-managed brands (e.g., Toyota and Lexus) in the United States, including this District.

1

3. On information and belief, TMNA directly develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services as set forth in this complaint. This includes but is not limited to TMNA's navigation computers and associated software and hardware modules, User Profile System, onboard Audio-Visual System, and "Entune Navigation System."

## JURISDICTION AND VENUE

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5. This Court has federal subject matter jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §§ 1331, 1332, and 1338(a).

6. DI's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts and/or has engaged in continuous and systematic activities in the forum as a result of business conducted within Texas, including in the Eastern District of Texas. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. and principles of due process. Personal jurisdiction also exists over Defendant because on information and belief each, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products and/or services within Texas, including in the Eastern District of Texas, that infringe one or more claims of United States Patent Nos. 7,003,288, 7,454,545, and 7,742,610 (herein referred to as the "Patents-In-Suit" or the "DI Patents").

8. All allegations and support thereof regarding jurisdiction herein are hereby incorporated by reference for the purposes of venue.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant makes, uses, sells, offers to sell, and/or imports products and/or services that are accused of infringing the Patents-In-Suit into and/or within this District and has a regular and established place of business within this District.

10. Defendant has solicited business in the Eastern District of Texas, transacted business within this District, and attempted to derive financial benefit from the residents of this District, including benefits directly related to Defendant's infringement of the Patents-In-Suit.

11. On information and belief, Defendant maintains regular and established places of business at 6565 Headquarters Drive, Plano, Texas 75024.

12. On information and belief, Defendant TMNA employs nearly 4,000 persons in the Eastern District of Texas. On information and belief, at least some of the personnel it employs in positions related to the Patents-In-Suit and/or Accused Products in Defendant's Plano facilities in this District, and Defendant is actively seeking to hire additional such personnel.

13. Venue is also proper because, on information and belief, Defendant has a regular and established place of business in this District, including facilities in Plano, Texas. Defendant is registered with the Secretary of State to do business in the State of Texas. Defendant also has authorized sellers and sales representatives that offer for sale and sell infringing products to consumers throughout Texas and in this District.

14. Further, Defendant has admitted or not contested personal jurisdiction in this District. *See Fundamental Innovation Sys. Int'l LLC v. Toyota Motor Corp., et al.,* No. 2:21-cv-281-JRG, Dkt. No. 50 at ¶¶ 16-17, Dkt. No. 51 at ¶¶ 10-11, 14 (E.D. Tex. Nov. 15, 2021).

15.     Plaintiff has fulfilled its obligations, if any, under 35 U.S.C. § 287.

## THE PATENTS-IN-SUIT

16.     On February 21, 2006, United States Patent No. 7,003,288 B2 ("the '288 patent"), entitled "Mobile Communication Terminal," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Fumio Ueda, et al and assigned to Mitsubishi Denki Kabushiki Kaisha of Japan. A true and correct copy of the '288 patent is attached hereto as **Exhibit A**.

17.     On November 18, 2008, United States Patent No. 7,454,545 B2 ("the '545 patent"), entitled "Individual-adaptive system and information distribution device based on a cellular telephone," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Atsushi Kohno, et al and assigned to Mitsubishi Denki Kabushiki Kaisha of Japan. A true and correct copy of the '545 patent is attached hereto as **Exhibit B**.

18.     On June 22, 2010, United States Patent No. 7,742,610 B2 ("the '610 patent"), entitled "Automobile Audiovisual System," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") to Masahiro Hibino, et al and assigned to Mitsubishi Denki Kabushiki Kaisha of Japan. A true and correct copy of the '610 patent is attached hereto as **Exhibit C**.

19.     Each of the Patents-in-Suit – the '288, '545, and '610 patents – claims patent-eligible subject matter and is presumed valid and enforceable under 35 U.S.C. §282.

20.     DI is the exclusive owner by assignment of all rights, title, and interest in each of the Patents-in-Suit, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the Patents-in-Suit.

21. Defendant does not have a license to any of the Patents-in-Suit, either expressly or implicitly, nor does Defendant enjoy or benefit from any rights in or to any of the Patents-in-Suit whatsoever.

22. Representative claim charts showing a sample of infringement of one claim of each of the Patents-in-Suit by the Accused Products are appended to this Complaint as Exhibits D-F.

## ACCUSED PRODUCTS

23. Defendant makes, uses, sells, offers to sell, tests, designs, distributes, and/or imports into the United States, user authentication systems such as, and without limitation, TMNA's navigation computers and associated software and hardware modules, User Profile System, onboard Audio-Visual System, and "Entune Navigation System." Among other things, TMNA's Audio-Visual and Navigation Systems incorporate a platform that combines car navigation with advanced features, audio visual control components, and interaction with a user's mobile device.

24. Hereafter, the term "Accused Products" refers to all products (including but not limited to software, hardware, network architectural design) manufactured, used, tested, imported, sold or offered to sell by or on behalf of Defendant practicing the Patents-in- Suit and all processes employed by Defendant that practice the patents-in-suit, consisting of, without limitation, at least: all series of Dynamic Navigation, Toyota Integrated Navigation System, Toyota/Lexus User Profile System, Toyota/Lexus Rear-Seat Entertainment System, and Toyota Entune Dynamic Navigation platforms.

25. Defendant has knowingly (since at least the date of this Complaint), intentionally, and actively aided, abetted, and induced others to directly infringe each of the Patents-In-Suit (such as its customers in this District and throughout the United States).

26. Defendant has knowingly (since at least the date of this Complaint) and willfully infringes the Patents-in-Suit and have actively aided, abetted, and induced others to directly infringe the Patents-in-Suit (such as its customers in this District and throughout the United States).

## COUNT I
## PATENT INFRINGEMENT OF THE '288 PATENT

27. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

28. Defendant, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '288 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

29. Defendant caused DI irreparable injury and damage by infringing one or more claims of the '288 patent.

30. Representative claim chart attached hereto as **Exhibit D** describes how the elements of an exemplary claim of the '288 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## COUNT II
## PATENT INFRINGEMENT OF THE '545 PATENT

31. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

32. Defendant, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '545 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

33. Defendant caused DI irreparable injury and damage by infringing one or more claims of the '545 patent.

34. Representative claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim of the '545 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## COUNT III
## PATENT INFRINGEMENT OF THE '610 PATENT

35. Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

36. Defendant, under 35 U.S.C. § 271(a), directly, literally, and/or under the doctrine of equivalents infringed one or more claims of the '610 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

37. Defendant caused DI irreparable injury and damage by infringing one or more claims of the '610 patent.

38. Representative claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim of the '610 patent is infringed by one or more of the Accused Products. This provides details regarding only one example of Defendant's infringement, and only as to a single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its

Infringement Contentions at the time required under this Court's scheduling order and as rightfully supplemented after discovery has been obtained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Driving Innovation LLC, Inc. respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents and continues to directly infringe the DI Patents set forth in this Complaint;

B. A judgment that Defendant has actively induced infringement and continues to induce infringement of the DI Patents set forth in this Complaint;

C. A judgment that Defendant has contributorily infringed and continues to contributorily infringe the DI Patents set forth in this Complaint;

D. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including without limitation both convoyed and derivative sales, as well as supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E. A judgment that Defendant's infringement of each of the DI Patents is willful;

F. A judgment that Defendant's infringement of enhanced damages pursuant to 35 U.S.C. § 284;

G. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

      H.      An accounting for acts of infringement and supplemental damages for infringement and/or damages not presented at trial, including, without limitation, pre-judgment and post-judgment interest on the damages awarded;

      I.      A judgment and order awarding a compulsory ongoing royalty;

      J.      A judgment and order awarding Plaintiff costs associated with bringing this action;

      K.      All equitable relief the Court deems just and proper; and

      L.      Such other relief which may be requested and to which the Plaintiffs are entitled.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Driving Innovation LLC Inc. hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Date: October 28, 2025 | Respectfully submitted,<br><br>*/s/ Erick S. Robinson*<br>Erick S. Robinson<br>Texas Bar No. 24039142<br>Patrick M. Dunn<br>Texas Bar No. 24125214<br>Austin Ciuffo<br>Texas Bar No. 24139142<br>**BROWN RUDNICK LLP**<br>609 Main Street, Suite 3550<br>Houston, TX 77002<br>Tel: (281) 815-0511<br>Fax: (281) 605-5699<br>erobinson@brownrudnick.com<br>pdunn@brownrudnick.com<br>aciuffo@brownrudnick.com<br><br>Eugene Goryunov<br>ARDC (Illinois) Bar No. 6,296,605<br>**BROWN RUDNICK LLP**<br>1900 N Street NW, 4th Floor<br>Washington, D.C. 20036<br>Tel: (202) 536-1700<br>Fax: (202) 536-1701<br>egoryunov@brownrudnick.com<br><br>***Attorneys for Driving Innovation LLC*** |